John Thomas FITTS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 26141.

United States Court of Appeals
Fifth Circuit.

Jan. 28, 1969.

Stanley Binion, Houston, Tex., for appellant.

Morton L. Susman, U. S. Atty., Laredo, Tex., James R. Gough, Ronald J. Blask, Malcolm R. Dimmitt, Asst. U. S. Attys., Houston, Tex., for appellee.

Before TUTTLE and GEWIN, Circuit Judges, and PITTMAN, District Judge.

PER CURIAM:

The appellant was convicted by the court sitting without a jury of the unlawful interstate transportation of a stolen car. 18 U.S.C.A. § 2312. The appellant was arrested in Texas while driving a car which it was stipulated had been stolen from a used car lot in Tulsa, Oklahoma.

The appellant was identified at trial by a man named Miller. Miller had discussed the possibility of the sale of a car to the appellant for about 10 minutes before the theft occurred. The appellant contends that this identification should have been excluded because Miller had seen him in a post indictment line-up conducted while appellant had no counsel. The appellant's request for counsel had been denied before the line-up took place.

The line-up did not meet the requirements as established in the Wade trilogy, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). However, in *Wade* the Court held that in-court identifications would be admissible even though the line-up was improper if the in-court identification had an independent origin. The 10 minute confrontation establishes this independent origin.

This conclusion is bolstered by the fact that the appellant was also identified in court by a Mr. White as the one who took the car from the lot. White had observed the appellant at the lot for 5 to 8 minutes before the theft. This was the only time until trial that White saw the appellant.

We have carefully examined the remaining errors assigned by the appellant and find them to be without merit. White's "discussion" of the case with Miller the night before the trial was not shown to have influenced White's trial testimony. In fact, nothing more was shown than that a "discussion" took place.

Appellant's trial counsel did not subpoena certain witnesses which the appellant said would provide an alibi. Counsel located all but one. None indicated they could testify to the facts the appellant said they would. The failure to subpoena therefore did not prejudice the appellant.

Accordingly, the judgment and conviction are affirmed.