332 F.Supp. 23 (1971)
Billy Eugene CANNON, Petitioner,
v.
STATE OF MISSOURI, Respondent.
No. 71 C 359(1).
United States District Court, E. D. Missouri, E. D.
September 30, 1971.
*24 Billy Eugene Cannon, pro se.
John C. Danforth, Atty. Gen., State of Missouri, Jefferson City, Mo., Kenneth M. Romines, Asst. Atty. Gen., State of Missouri, for respondent.

MEMORANDUM
MEREDITH, District Judge.
Petitioner, presently confined in the Missouri State Penitentiary at Jefferson City, Missouri, filed a petition for a writ of habeas corpus, seeking leave to proceed in forma pauperis in the United States District Court for the Western District of Missouri, which granted leave to proceed in forma pauperis and transferred the cause to this Court. This Court issued an order to show cause and a response thereto has been filed.
On July 17, 1968, petitioner was convicted by a jury in the Circuit Court of the City of St. Louis, Missouri, of first degree robbery by means of a dangerous and deadly weapon. The Missouri Second Offender Act was found applicable and the Court sentenced petitioner to a term of eighteen years imprisonment. An appeal was originally heard in Division One of the Missouri Supreme Court, but the case was subsequently transferred to the Court en banc, which affirmed the conviction in State v. Cannon, 465 S.W.2d 584 (Mo.1971). Petitioner has not filed a motion to vacate sentence under Missouri Rule 27.26, V. A.M.R., or any other post-conviction petition or application.
As grounds for his contention that his present confinement is unlawful, petitioner states that his constitutional rights were violated by the following:
"(a) Suggestive and tainted line-up in violation of the 5th, 6th and 14th Amendments of the Constitution of the United States.
"(b) Denial of petitioner to see Police Report. Denial of rights under the 14th Amendment of the Constitution of the United States."
In support of his first ground, petitioner states that in-court identifications were improperly admitted into evidence in that the trial court failed to make a proper determination that the in-court identifications were a result of an independent source and not a tainted lineup. In support of his second contention, petitioner states that the denial of the police report deprived him of favorable evidence.
An examination of the official report of the decision on appeal of the Missouri Supreme Court, State v. Cannon, supra, shows that the two grounds as heretofore set out, were considered by the Missouri Supreme Court on petitioner's direct appeal. Therefore, petitioner has exhausted his state remedies, as to those grounds.
With respect to petitioner's first contention, the record reveals that petitioner filed a pre-trial motion in the trial court to suppress anticipated identifications by witnesses on the grounds that the lineup procedures violated the rules of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), both as to suggestiveness and as to lack of counsel. The motion was denied. The motion was resubmitted and after a hearing prior to trial, the trial court found that the petitioner was advised of his constitutional rights prior to being placed in the lineup, that the petitioner affirmatively waived his constitutional rights and specifically waived his right to have an attorney present at the lineup. At the close of the evidence, before the submission of the case to the jury for a determination *25 of guilt or innocence, the trial court expressly found the in-court identifications were the result of observations which the witnesses made during the commission of the offense and not as a result of the lineups.
In support of his present contention that the trial court's finding near the end of the trial did not meet the standards as set forth in Gilbert v. California, supra, petitioner relies on the Supreme Court's statement in the above case at page 272 of 388 U.S., at page 1956 of 87 S.Ct.:
"The admission of the in-court identifications without first determining that they were not tainted by the illegal lineup but were of independent origin was constitutional error. United States v. Wade, supra."
Petitioner has misunderstood the meaning of this statement. The Supreme Court went on to explain that in that case the record did not permit an informed judgment as to whether the in-court identifications at the two stages of the trial had an independent source, or that their introduction was harmless.
In the instant case, the trial court did not find the lineup to be illegal, and furthermore, the court expressly found before the determination of guilt or the imposition of sentence that the in-court identifications had an independent source. In any event, this Court can decide the question where the record is adequate. Hawkins v. United States, 137 U.S.App.D.C. 103, 420 F.2d 1306 (1969).
An in-court identification is admissible even though a prior confrontation was improper, if the in-court identification has an independent origin. United States v. Wade, supra; Fitts v. United States, 406 F.2d 518 (5th Cir. 1969), cert. den. 400 U.S. 842, 91 S.Ct. 84, 27 L.Ed.2d 77 (1970).
A review of the record supports the findings of the Missouri Supreme Court that although there was evidence indicating that the lineup procedures were leading and suggestive, the in-court identifications were based on what the witnesses saw at the time the offense was being committed and were not the result of improper or suggestive lineup procedure. Therefore, petitioner's first contention is without merit.
Petitioner's second contention is that the trial court erred in overruling his request to inspect a police report. The record supports the findings of the Missouri Supreme Court that such report did not contain any descriptions attributable to any particular witness, but was a composite description obtained by combining each descriptive element contributed by each of the six witnesses to the robbery; that none of the witnesses had read the report or used it in any way in connection with their testimony; that the report was requested for the sole purpose of using it in the cross-examination of the identifying witnesses for impeachment purposes; and that the refusal to require the production of the police report was not prejudicial to defendant in that it would have been of no additional value for impeachment purposes.
There is no general right of discovery in criminal cases in Missouri, and the trial court's denial of the report is supported by Missouri decisions. State v. Aubuchon, 381 S.W.2d 807 (Mo.1964).
However, petitioner relies on the United States Supreme Court decision in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which held that the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good or bad faith of the prosecution. Such is not the case here as the police report would not have been material to guilt. Evidence material to guilt is that evidence which is of probative character on that question. Suppression of evidence not of that character, and having admissibility only for the purpose of impeachment or credibility attack, must *26 have been of such inherent significance as to make suppression fundamentally unfair to be violative of due process. Link v. United States, 352 F.2d 207 (8th Cir. 1965), cert. den. 383 U.S. 915, 86 S. Ct. 906, 15 L.Ed.2d 669 (1966). Moreover, the record supports the findings of the Missouri Supreme Court that the defendant was not prejudiced by the denial. Therefore, petitioner's second contention is without merit.
In light of the above, the petition for writ of habeas corpus will be denied.