Tommy Gerald BENSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 45335.

Court of Criminal Appeals of Texas.

Nov. 29, 1972.

George J. Parnham, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and John B. Holmes, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers,

State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery by assault; punishment was assessed by the jury at twenty years.

The sufficiency of the evidence is not challenged.

■ First, we note that the record herein was approved by the trial court on August 30, 1971. Three orders of extension authorizing the appellate to file his appellate brief were signed and filed by the court; the third and final one authorized the additional period to December 6, 1971. No appellate brief was filed until December 8, 1971. Therefore, since the brief was not timely filed, it is not properly before this court. See Article 40.09, Sec. 9, V.A. C.C.P.[1] However, the record has been reviewed to determine if there is any unassigned error which in the interest of justice should be reviewed pursuant to Article 40.09, Sec. 13, V.A.C.C.P.

The record shows that prior to the trial of this case, appellant was tried and acquitted for another offense of robbery by assault, in Cause No. 152,865. Two witnesses were subpoenaed by the state in that cause to testify to still a third robbery of a Jack-in-the-Box restaurant, but did not testify. Appellant complains that these witnesses' view of appellant, in court, at that prior trial was impermissibly suggestive, bolstered their identification, and thereby tainted their subsequent in-court identification of appellant.[2]

Concerning the in-court view of appellant by the witnesses, the record reveals that both saw appellant at the counsel table in the other robbery by assault trial (Cause No. 152,865) and both were present when appellant pleaded not guilty to the reading of the indictment therein. The record further reveals, however, that both witnesses had a clear view of appellant's face and had a conversation with him during the Jack-in-the-Box robbery.[3] Further, the record reveals that both witnesses identified appellant's photograph, both picked appellant out of a line-up, and both stated that they based their identification on their view of appellant at the scene of the robbery.[4]

We note that appellant complains neither of the pre-trial line-up identification nor of the photograph identification and we find nothing in the record indicating that the procedures in these two pre-trial identifications were suggestive.

■ Even where the pre-trial identification procedure is impermissibly suggestive, the in-court testimony of the identification witness would still be admissible as long as the record clearly reveals that the witness' prior observation of the accused was sufficient to serve as an independent origin for the in-court identification. Ward v. State, Tex.Cr.App., 474 S.W.2d 471.

■■ We do not find the pre-trial procedure complained of (the court room view of appellant in another trial) to be impermissibly suggestive. Nevertheless, the evi-

1. "Within thirty days after approval of the record by the court, or within such additional period as the court may in its discretion authorize, the defendant shall file with the clerk of the trial court his appellate brief."

2. The testimony of these two witnesses concerned an extraneous offense and was admitted into evidence for the purpose of showing identity. A limiting instruction was given to that effect. See, Bryant v. State, Tex.Cr.App., 471 S.W.2d 66; Owens v. State, Tex.Cr.App., 450 S.W. 2d 324.

3. Compare, Fitts v. United States, 406 F.2d 518 (5th Cir. 1969) cert. denied, 400 U.S. 842, 91 S.Ct. 84, 27 L.Ed.2d 77; Williams v. State, Tex.Cr.App., 477 S.W.2d 885.

4. Compare, Nielssen v. State, Tex.Cr.App., 456 S.W.2d 928.

dence is sufficient to show that both witnesses' in-court identification was based, independently, on their observation of appellant at the scene of the Jack-in-the-Box robbery. Ward v. State, supra.

All other contentions have been reviewed and are overruled.

Finding no reversible error, the judgment is affirmed.

DOUGLAS, J., concurs in result.