Johnny Nickolos FAZZINO, aka John Nick Fazzino aka Johnny Nick Fazzino, Appellant,

v.

The STATE of Texas, Appellee.

No. 50796.

Court of Criminal Appeals of Texas.

Jan. 28, 1976.

Rehearing Denied Feb. 11, 1976.

Barron & Barron, Bryan, Texas, for appellant.

W. T. McDonald, Jr., Dist. Atty., J. Bradley Smith, Asst. Dist. Atty., Bryan, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of the murder of his wife. Punishment was assessed at twenty years.

■ In the first two grounds of error, appellant complains of evidence of bad character that was admitted at trial. This included testimony by several witnesses that while married to the deceased he had slept with numerous women, urged one woman to engage in prostitution, asked a woman to get a date for him, smoked marihuana, and other infractions. Objection was made in only one instance. Nothing is presented for review with respect to that testimony not objected to at trial. *Johnson v. State,* Tex.Cr.App., 504 S.W.2d 493; *Jordan v. State,* Tex.Cr.App., 500 S.W.2d 638. In any event, almost all the testimony complained of was admissible to rebut appellant's testimony that he was a law-abiding citizen and a loyal and loving husband.

Regarding the one instance in which objection was made, the record reflects that appellant's attorney on cross-examination of a State's witness inquired, "Did you ever in your life hear of John Nick Fazzino violating the law in any way?" She replied, "I have heard gossip, you know, just regular gossip. I never knew it for a fact."

Later, in redirect examination, the prosecutor asked, "What gossip have you heard about him violating the law?" After the objection was overruled, the witness responded, "I have just heard gossip about him pushing dope and that he was running a whore house. That's just gossip; I don't know that as a fact."

■ Appellant contends that this testimony was inadmissible hearsay. In view of the myriad of other offenses properly ad-

mitted, the admission of the above hearsay, if error, was harmless beyond a reasonable doubt. The first two grounds of error are overruled.

The third ground of error alleges the trial court erred in admitting into evidence two photographs of the corpse of the deceased. Because a verbal description of the body was admissible, it was not error to admit the photographs. *Martin v. State,* Tex.Cr.App., 475 S.W.2d 265.

In the fourth ground of error, appellant contends the trial court erred in excluding the testimony of a witness who would have stated that the deceased some time before her death told her that she was having an affair with another man. The witness had no direct knowledge of the alleged affair. Appellant contends that the admission of the alleged statements was authorized by V.T.C.A. Penal Code Sec. 19.06.

Hearsay statements of the deceased are not admissible in a prosecution for uxoricide. *Jones v. State,* Tex.Cr.App., 515 S.W.2d 126, and authorities there cited.

Section 19.06, like its predecessor, Art. 1257a, V.A.P.C., does not extend the rules of evidence to admit hearsay testimony that would otherwise be inadmissible. *Jones v. State,* supra, and authorities there cited.

In the fifth ground of error, appellant contends that V.T.C.A. Penal Code Sec. 19.-06 is unconstitutional. He argues that the various exceptions to the hearsay rule sometimes allow statements of the accused to be admitted into evidence, whereas hearsay statements of the deceased are never allowed, and that these rules operate to the advantage of the State.

With that conclusion we do not agree. The purpose of the rules is to protect the integrity of the fact finding process and therefore works to the advantage of all. In *Jones v. State,* supra, the judgment was reversed because the State introduced hearsay statements allegedly made by the deceased that were damaging to the defendant. V.T.C.A. Penal Code Sec. 19.06 is not unconstitutional and the fifth ground of error is overruled.

In the final two grounds of error, appellant contends that the trial court erred in failing to charge the jury on the law of accident and failing to give "an unconditional charge on intent." As we have often said, a charge on accident is required only if there is some evidence that the act resulting in death was unintentional. The focus is upon the accused's *act,* not the result of his act. *Brown v. State,* Tex.Cr.App., 523 S.W.2d 238; *McKenzie v. State,* Tex.Cr. App., 521 S.W.2d 637; *Stiles v. State,* Tex. Cr.App., 520 S.W.2d 894. Here, appellant testified that he intentionally hit the deceased and maintained that the blow accidentally *resulted* in death. Therefore, he was not entitled to a charge on accident.

The trial court did charge the jury upon the law of murder, voluntary manslaughter, involuntary manslaughter, and criminally negligent homicide. The requisite mental state was properly defined with respect to each offense. Appellant was indicted for murder under V.T.C.A. Penal Code Sec. 19.02(a)(2), not (a)(1), and an intent to kill is not an element of murder under such theory. The trial court did not err in refusing to give an "unconditional" charge on intent to kill. The sixth and seventh grounds of error are overruled.

The judgment is affirmed.