Willie VAN BYRD, Appellant,

v.

The STATE of Texas, Appellee.

No. 59824.

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 10, 1980.

Rehearing Denied Oct. 29, 1980.

James H. Anderson and Fred L. Tinsley, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty. and T. Michael Sutton, John William Booth and Clifford Wayne Huff, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before PHILLIPS, TOM G. DAVIS and DALLY, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from conviction of murder. V.T.C.A. Penal Code, Sec. 19.02. Appellant was found guilty by the jury and the court set punishment at life imprisonment.

James Gaines testified that at about 4:20 p. m. on May 27, 1977 he and George Moore, the deceased, were at Moore's house. They had just come from the home of a friend where they had injected themselves with heroin. Gaines was talking on the phone as Moore answered a knock at the door. Gaines looked up to see appellant pointing a shotgun at him. He also observed that Moore was being searched by another man and a woman who were later identified as Albert Moore and Darlene Massey.

Appellant ordered Moore to lay face down on a reclining chair. Gaines was made to lay across Moore's legs. Appellant stood near the deceased's head while Albert Moore and Massey stood on the other side of the room. Appellant then said, "George, I'm going to ask you for the money one more time." Moore answered that the woman "had it all." Gaines next heard a blast and turned to see appellant pick up the shotgun from the floor and run out of the house.

Dr. Vincent Dimaio, Dallas County medical examiner, testified that the deceased died from a shotgun wound to the head. He further stated that the barrel of the weapon was in contact with deceased's head at the time of discharge and that the nature of the wound was not consistent with the hypothesis that the blast occurred from a gun that had been accidentally dropped by the person holding it.

Appellant testified that he was waiting in the car outside the house during the transaction in question. He stated that Albert Moore, Darlene Massey and Adele Miller entered the house and returned to the car a short time later.

In his first ground of error appellant contends that the trial court abused its discretion by overruling his timely motion for new trial "based on evidence that was newly discovered and unavailable to appellant at the trial." The evidence to which appellant refers is that of Albert Lee Moore who was also charged with the murder of the deceased.

Albert Moore was not available to testify at appellant's trial due to the fact that he invoked his Fifth Amendment privilege. Subsequent to the trial and prior to the hearing on motion for new trial he pled guilty. At the hearing on motion for new trial he testified that he accidentally shot George Moore on the occasion in question. He further stated that appellant was not in the house at the time of the shooting, nor was there another man or a woman.

 The discovery after trial of new evidence material to the defendant constitutes a ground for new trial. Art. 40.03(6), V.A.C.C.P. The overruling by the trial court of a motion for new trial based on newly discovered evidence will not constitute an abuse of discretion unless the record shows (1) the evidence was unknown to the movant before trial; (2) that the defendant's failure to discover it was not due to want of diligence on his part; (3) that its materiality was such as would probably bring about a different result or another trial; and (4) that it was competent, not merely cumulative, corroborative, collateral or impeaching. *Hernandez v. State*, Tex. Cr.App., 507 S.W.2d 209. To be material the new evidence must be shown to be probably true and of such weight as to probably produce a different result at another trial. *Hernandez v. State*, supra; *Williams v. State*, Tex.Cr.App., 504 S.W.2d 477; *Whitmore v. State*, Tex.Cr.App., 570 S.W.2d 889; *Carlisle v. State*, Tex.Cr.App., 549 S.W.2d 698. Whether the new evidence is probably true is a determination for the trial judge. *Williams v. State*, supra; *Eddlemon v. State*, Tex.Cr.App., 591 S.W.2d 847.

 In the instant case the trial court was faced with conflicting testimony in its determination of whether the newly discovered evidence was probably true. On the one hand Albert Moore stated at the hearing on motion for new trial that he accidentally shot the deceased and that neither appellant nor another man or a woman was present. The prosecutor Bill Booth testified at the hearing on motion for new trial that Albert Moore had previously said that he did not kill the deceased. The evidence

given at trial by the eye–witness Gaines positively placed appellant holding the shotgun near the deceased just before the fatal shot was fired. Gaines also observed the man and woman who accompanied appellant. Appellant himself testified that Albert Moore, the woman Darlene Massey and Adele Miller entered the deceased's house.

In *Eddlemon v. State*, supra, the defendant in a burglary prosecution contended that the trial court abused its discretion by denying his motion for new trial which was based on the newly discovered evidence, namely a witness who confessed to the burglary. The witness' testimony on motion for new trial contained assertions which contradicted not only facts which had been established at trial but also portions of the defendant's trial testimony. There we held that the trial court did not abuse its discretion where it was faced with such discrepancies in determining the probable truth of the new evidence. We emphasized that the determination of the materiality of the new evidence is within the sound discretion of the trial judge.

With respect to the instant case Albert Moore's testimony on motion for new trial contradicted both that of appellant and an eye–witness. The trial court saw the witnesses, observed their demeanor, and was required to determine their credibility.

*Whitmore v. State*, supra, is distinguishable from the instant case. There this Court reversed a conviction for capital murder on the ground that the trial court abused its discretion in failing to grant a new trial on the basis of newly discovered evidence. Said evidence became available to the defendant in the form of favorable testimony by a former codefendant who had refused to testify at defendant's trial and who was subsequently acquitted in his own jury trial. We pointed out in our examination of the materiality of the new witness' testimony that a jury had apparently believed his account of the facts. The acquittal was sufficient to show that the witness' testimony was probably true and that such evidence would probably produce a different result in another trial of the defendant.

In contrast, the testimony on motion for new trial of Albert Moore had not produced an acquittal in his case. Rather, he had pled guilty. Whether his limited version of the facts was probably true or not was a matter within the sound discretion of the trial judge. No abuse of discretion is shown in the denial of the motion for mistrial. Appellant's first ground of error is overruled.

In his second ground of error appellant contends that the trial court erred "by excluding res gestae testimony and evidence beneficial to the accused as to accused's state of mind and intent."

Without addressing the merits of appellant's contention we find no place in the record where appellant, by offer of proof or bill of exception, placed the excluded testimony into the record. Where the matter complained of is not shown by the record nothing is presented for review. Art. 40.09, V.A.C.C.P.; *Romo v. State*, Tex.Cr.App., 568 S.W.2d 298. Appellant's second ground of error is overruled.

In ground of error number three appellant contends that the trial court erred "in excluding evidence beneficial to appellant." The evidence to which appellant refers is that of Leon Drake. Drake would have testified that he knew that the deceased was aware that appellant and Albert Moore were "jack artists" and would not have let them into his house. Appellant argues that such evidence if admitted would have shown that it was not likely that the deceased would have allowed appellant into his home. Such an inference would tend to support appellant's defensive theory that he was waiting outside the deceased's house during the murder.

Appellant argues on appeal that the offered testimony was admissible under V.T. C.A. Penal Code, Sec. 19.06, as a relevant circumstance surrounding the relationship between appellant and the deceased. In addition, he maintains that said evidence was admissible to show the state of mind of the deceased and for that reason such evidence did not constitute hearsay.

■ Appellant's argument on appeal that the offered testimony was admissible under Sec. 19.06 of the Penal Code does not comport with his contention at trial that the evidence was admissible to show the deceased's state of mind. Objection at trial must comport with the complaint on appeal in order to preserve error, if any. *Mares v. State*, Tex.Cr.App., 571 S.W.2d 303. Appellant's argument that Sec. 19.06 is a basis for admitting the offered evidence is not before us for review.[1]

■ We likewise reject appellant's contention that Drake's testimony would not have been hearsay. In a hearing on the admissibility of the excluded evidence it was shown that Drake was not testifying on the basis of personal knowledge but on the basis of a statement purportedly made to him by the deceased. Presumably that state of mind sought to be proven is the unwillingness of the deceased to allow appellant entry to his home.

In *Love v. State*, Tex.Cr.App., 581 S.W.2d 679 we reversed a murder conviction upon the improper admission by the State of hearsay statements made by the deceased offered to show "relationship" under Sec. 19.06 and state of mind of the deceased. There we said that the testimony could not have shown the deceased's state of mind unless the statements were taken as true. Also see, *Jones v. State*, supra.

In the instant case the excluded testimony of Drake could not have shown the deceased's state of mind, namely an unwillingness to allow appellant entry to his house, unless the statements were taken as true. We hold that the excluded testimony constituted inadmissible hearsay. No error is shown in the trial court excluding the offered testimony.

In his fourth ground of error appellant maintains that the trial court erred in admitting evidence of an in-court identification of appellant based upon a pretrial photo lineup. He argues that the manner in which the lineup was conducted was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

The trial court held a pretrial hearing to determine the admissibility of the in-court identification. James Gaines testified that appellant was the man holding the shotgun in deceased's house on the occasion in question. He stated that the lights were on, that there was nothing obstructing his view of appellant's face and that he was located in the same room with appellant at the time he observed him. He further testified that at approximately 7:00 p. m. on the day of the murder he was shown six photographs by an investigator of the Dallas Police Department. When asked if he could identify the man who had been in the house with the shotgun he identified the photo of appellant.

■ In addition, Gaines stated that all of the photos shown to him were of the same approximate size, each contained a front and profile view, and each portrayed individuals of the same general physical characteristics as appellant. He further stated that he was able to identify appellant on the basis of his observation at the time of the killing and not from his viewing of the photographs.

In *Benson v. State*, Tex.Cr.App., 487 S.W.2d 117 we said:

"Even where the pretrial identification procedure was impermissibly suggestive, the in-court testimony of the identification witness would still be admissible as long as the record clearly reveals that the witness' prior observation of the accused was sufficient to serve as an independent origin for the in-court identification."

Gaines' testimony that he had an adequate opportunity to observe appellant at close range in good lighting is sufficient to serve as an independent basis for his in-court identification. *Komurke v. State*,

---

1. Assuming arguendo that appellant had preserved said argument, it is settled that V.T.C.A. Penal Code, Sec. 19.06 does not extend the rules of evidence to admit hearsay testimony that would otherwise be inadmissible. *Fazzino v. State*, Tex.Cr.App., 531 S.W.2d 818; *Jones v. State*, Tex.Cr.App., 515 S.W.2d 126.

Tex.Cr.App., 562 S.W.2d 230. We hold that the in–court identification testimony was admissible.

Appellant additionally argues under this ground of error that the in–court identification testimony should be suppressed for the failure of the State to produce for inspection the photos used in the lineup. It was determined at the pretrial hearing that the State was not in possession of those photos nor was the officer who conducted the lineup.

■ We recently addressed a similar contention in *Smith v. State*, Tex.Cr.App., 595 S.W.2d 120. In that case, we found the State's inability to produce a set of photographs to have no adverse effect on the admissibility of identification testimony. The testimony in that case as in the instant case was shown to have been of an independent origin of any pretrial identification procedure.[2]

We find that the trial court properly admitted the in–court identification testimony by Gaines. Appellant's fourth ground of error is without merit.

■ In his final ground of error appellant contends that the evidence is insufficient to support his conviction for murder. The indictment charged that appellant did then and there knowingly and intentionally cause the death of complainant by shooting him with a shotgun. The court charged the jury on circumstantial evidence.

The evidence shows that James Gaines observed appellant standing next to the deceased's head with a shotgun. The other parties to the offense were on the other side of the room. He heard appellant say that he was asking for the money one more time and then heard a shotgun blast. Gaines turned and observed appellant pick up the gun off the floor and flee. Dr. Dimaio testified that the wound was not the sort

that is accidentally inflicted. Deceased died from the shotgun wound to the head. We hold that the evidence excludes every other reasonable hypothesis except for that of the guilt of appellant. Appellant's last ground of error is overruled.

The judgment is affirmed.

PHILLIPS, Judge, concurring.

I cannot agree with the majority's manner of disposition of appellant's third ground of error.

In that ground appellant complains of the exclusion of testimony by Leon Drake that George Moore (the deceased) had told him that Albert Moore and appellant were "jack artists," or professional robbers. Appellant urges that this testimony was admissible to show that Moore's state of mind was such that he would not have allowed Albert Moore and appellant to enter his house. This tends to support appellant's testimony that he did not enter George Moore's house.

The majority concludes that Moore's statement to Drake was inadmissible hearsay because the statement would not serve to show Moore's state of mind unless it were taken as true. This is incorrect. Moore's statement would serve to show his state of mind if he *believed* the statement to be true, even if it were not true. Moore could have believed that appellant and Albert Moore were professional robbers even though they in fact were not.

Even assuming Moore's statement were true, it nonetheless was admissible *if offered not for its truth, but to show Moore's state of mind* (provided such evidence was relevant).

Drake's testimony did not involve any details of appellant's past conduct, nor did it relate only to his past conduct. It is reasonable to infer from Moore's statement that he believed Albert Moore and appel-

2. Appellant relies on *United States v. Sanchez*, 603 F.2d 381 (2nd Cir. 1979) for the proposition that when the State deliberately fails to preserve the photo lineup pictures, a federal court will presume the photo spread to have been impermissibly suggestive. We find appellant's reliance on *Sanchez* to be misplaced. Officer

Marshall Touchton, of the Dallas Police Department, testified that DPD has no regulations with respect to preservation of photo spreads and the pictures used are generally not kept together. In the absence of a regulation requiring preservation, we find no "deliberate failure" to preserve.

lant were continuing in their profession as robbers. Compare *Jones*, 515 S.W.2d 126 (Tex.Cr.App.1974); *People v. Hamilton*, 55 Cal.2d 881, 13 Cal.Rptr. 649, 362 P.2d 473 (1961) (cited in *Jones*). The statement was not so incriminating or inflammatory that the jury necessarily would be expected to consider it for its truth despite the trial court's instructions concerning its limited admissibility. Contrast *Shepard v. U. S.*, 290 U.S. 96, 54 S.Ct. 22, 78 L.Ed. 196 (1933). I conclude that Drake's testimony was admissible.

I concur, however, because Drake's testimony was of limited probative value with respect to appellant's defense. Considering this fact and the strength of the state's case against appellant, the exclusion of the testimony did not prejudice appellant.