IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-118-CR




JIMMY LEON TULLOS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 912635, HONORABLE TOM BLACKWELL, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault. Tex. Penal Code Ann.
§ 22.021 (West 1989). The district court assessed punishment at imprisonment for twenty-five
years. 

 Appellant does not contest the sufficiency of the evidence, which shows that he
sexually assaulted his eleven-year-old niece. Appellant's only point of error is that the district
court erred by overruling his motion and amended motion for new trial based on newly discovered
evidence. Tex. R. App. P. 30(b)(6). In these motions, appellant alleged that, after the trial, the
complainant told several persons that her trial testimony was untrue and that appellant did not
commit the acts for which he was convicted. Attached to the motions were affidavits from the
complainant, appellant's wife, and another woman supporting the allegations made in the motions.

 At the hearing on the motions for new trial, the complainant acknowledged telling
people that her trial testimony was untrue. She also acknowledged signing the affidavit to that
effect. She testified, however, that she had been under pressure from members of appellant's
family to change her testimony in order to secure appellant's release from prison. The
complainant stated that her trial testimony was true and that the later statements to the contrary
were untrue. The district court overruled the motions for new trial after finding that the
complainant's trial testimony was true, that she signed the statement to the contrary as a result of
pressure from appellant's family, and that her testimony at the new trial hearing was also true.

 To warrant a new trial, the new evidence must be material. To be material, the
evidence must be probably true and of such weight as to probably produce a different result at
another trial. Jones v. State, 711 S.W.2d 35, 37 (Tex. Crim. App. 1986); Van Byrd v. State, 605
S.W.2d 265, 267 (Tex. Crim. App. 1980). Evidence that is merely cumulative or impeaching
will rarely be of such weight as to be likely to bring about a different result. Jones, 711 S.W.2d
at 37. In this cause, the alleged new evidence was merely cumulative of impeachment testimony
the jury heard and found unpersuasive at trial. At trial, the complainant admitted that she told
members of appellant's family that he did not sexually assault her. As in her testimony at the new
trial hearing, the complainant explained that she made these statements as a result of fear and
pressure. Appellant's wife also testified at trial and recounted statements by the complainant that
her accusations against appellant were false. Obviously, the jury found the complainant's trial
testimony to be credible despite the impeaching testimony. The district court has not been shown
to have abused its discretion in finding that the proffered new evidence was not material and
overruling the motion for new trial. The point of error is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: December 15, 1993

Do Not Publish