NUMBER 13-99-045-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 ___________________________________________________________________ 



GLEN LACY DURHAM , Appellant, 

v.

 
THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 105th District Court

of Kleberg County, Texas.

___________________________________________________________________ 

O P I N I O N

 Before Chief Justice Seerden and Justices Dorsey and Rodriguez 

Opinion by Justice Dorsey

 

 Appellant was convicted of the murder and felony injury of his 12-year-old son, Clayton Durham. He appeals his
convictions on grounds that inadmissible hearsay evidence was admitted causing reversible error in the trial court. The
State did not file a brief responding to appellant's assertions of error. We reverse. 

 The State elicited testimony from Adalberto Naranjo, a case manager-counselor with the Kleberg County Department of
Human Services, who worked on a project dealing with at-risk youth. Naranjo worked with appellant's son, Clayton
Durham, and had suspected the child had been abused before he was murdered. 

 Naranjo testified that Clayton had told him that his father was hitting him, and offered details of the beatings he had
endured at his father's hands. He stated: 

 On one occasion he hit him with a rubber hose over the left eye. On the other occasion with a chain that came from the
engine of a car which was the second beating, and on the third occasion, the cut on the head, the side of the head, came
from his father slapping a brick that he had--that he was holding up as he was kneeling on the other bricks and that on this
particular one he was--he couldn't hold the brick up any more. His father told him to hold up the brick and he couldn't and
so he hit him on the hand and the brick fell on his head. That's when supposedly he got the laceration. 

When questioned whether Clayton ever expressed a fear for his life, Naranjo testified: 

 Yes, sir, he did. . . . He related to me that he was--that because he kept asking me to get him out of the house, and I kept
assuring him that I was working on it, and so that after the second--after the third visit when I think that he saw that we
were going to leave and we weren't going to take him with us, I, you know, I talked to him on the side by ourselves and he
asked me not to leave him, not to leave without him because that he was afraid that he would either be killed or he would--I
can't remember his exact words, but he says, "I'm afraid that I'm going to be killed," or something to that effect. 

 Appellant contends that this testimony is inadmissible hearsay and its admission by the trial court justifies reversal of his
convictions. The State offered the statements under code of criminal procedure articles 38.36, 38.37, Texas Rule of
Evidence 404(b) exceptions for extraneous offenses, and "under the hearsay exceptions in the rules of evidence." Over
objection, the court apparently allowed the statements to be admitted on that basis. 

 Article 38.36 states that in murder prosecutions, the State shall be permitted to offer testimony regarding all relevant facts
and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased,
together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the
offense. Tex. Code Crim. Proc. Ann. art. 38.36 (Vernon Supp. 2000). Article 38.37, section 2 states that: 

 Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts
committed by the defendant against the child who is the victim of the alleged offenses shall be admitted for its bearing on
relevant matter, including: 

(1) The state of mind of the defendant and the child; and 

(2) the previous and subsequent relationship between the defendant and the child. 

Tex. Code Crim. Proc. Ann. art. 38.37, § 2 (Vernon Supp. 2000). 

Texas courts have long held that article 38.36 and its predecessors, Tex. Pen. Code § 19.06, and before that, article 1257a,
do not render hearsay evidence admissible. Smith, 5 S.W.2d 673, 689 (Tex. Crim. App. 1999); Allridge v. State, 762
S.W.2d 146, 153-154 (Tex. Crim. App.1988); Love v. State, 581 S.W.2d 679, 681 (Tex. Crim. App.1979); Fazzino v. State,
531 S.W.2d 818, 820 (Tex. Crim. App.1976). Likewise, article 38.37, which allows admission of certain extraneous
offense evidence, does not address nor lessen the rule against admitting hearsay evidence. See Tex. Code Crim. Proc. Ann.
art. 38.37 (Vernon Supp. 2000). 

 Moreover, the Texas Court of Criminal Appeals has held that evidence that is admissible under 38.36(a) is still subject to
exclusion under Rules 403 and 404(b) of the Texas Rules of Evidence. Smith v. State, 5 S.W.3d 673, 679 (Tex. Crim. App.
1999). Rule 404(b) states that "evidence of other crimes, wrongs or acts is not admissible to prove the character of a person
in order to show action in conformity therewith, but may be admissible for other purposes such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Tex. R. Evid. 404(b). Rule
403 states that "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair
prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of
cumulative evidence." Tex. R. Evid. 403. 

 Consequently, if a defendant makes timely 404(b) or 403 objections, before a trial court can properly admit the evidence
under Article 38.36(a), it must first find the non-character conformity purpose for which it is proffered is relevant to a
material issue. If relevant to a material issue, the trial court must then determine whether the evidence should nevertheless
be excluded because its probative value is substantially outweighed by the factors in Rule 403. 

Smith, 5 S.W.3d at 679. 

 We find no exception to the hearsay rule which would render admissible the victim's out-of-court statements that he had
been abused by the appellant and feared the appellant would kill him. The trial court's admission of such testimony was
error. A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining
the record as whole, has fair assurance that the error did not influence the jury, or had but a slight effect. SeeTex. R. App. 
P. 44.2(b); Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Because of the highly prejudicial nature of the
erroneously admitted testimony, we cannot have such a "fair assurance," and must reverse. 

 Reversed and remanded. 



______________________________ 

J. BONNER DORSEY, 

Justice 

Dissenting opinion by 

Justice Nelda V. Rodriguez. 

Do not publish . 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this 4th day of May, 2000.



NUMBER 13-99-045-CR


COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________ 

GLEN LACY DURHAM , Appellant, 

v.

 THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 

On appeal from the 105th District Court

of Kleberg County, Texas.

____________________________________________________________________ 

DISSENTING OPINION

 Before Chief Justice Seerden and Justices Dorsey and Rodriguez 

Dissenting Opinion by Justice Rodriguez

 

 I dissent from the majority's disposition of the first point of error. The majority concludes Naranjo's testimony that the
victim told him he had been abused by appellant and feared appellant would kill him was inadmissible hearsay, and that the
admission of such testimony was reversible error. Because I find the statement that the victim was afraid he was going to
be killed falls under the "then existing mental, emotional, or physical condition" exception to the hearsay rule, I am unable
to conclude the trial court erred in admitting it. Moreover, I find the admission of Naranjo's testimony of the victim's
statements that appellant abused him to be harmless error. Accordingly, I would overrule appellant's first point of error. 

 Hearsay is a statement, other than one made by the declarant while testifying at trial, offered to prove the truth of the
matter asserted. See Tex. R. Evid. 801. Hearsay is inadmissible unless it falls under an exception. See Tex. R. Evid. 802. 
A statement of a "declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan,
motive, design, mental feeling, pain, or bodily health), but not including a statement of memory or belief" is admissible as
an exception to the hearsay rule. See Tex. R. Evid. 803(3). 

 In this case, Naranjo testified that the victim stated he was afraid he would be killed. The State justified the admissibility
of this statement under, inter alia, the "then existing mental, emotional, or physical condition" exception to the hearsay rule
found in rule 803(3) of the Texas Rules of Evidence. Appellant argues that the statement was a statement of belief, and
does not fall under this exception. As appellant notes, this Court has found that "a statement that a declarant recognizes a
reasonable probability that someone is going to be waiting with a gun to shoot the declarant goes beyond the state of mind
and enters the realm of belief." Vann v. State, 853 S.W.2d 243, 250 (Tex. App.--Corpus Christi 1993, pet ref'd). In Vann,
we reviewed the admissibility of the statement, "I wouldn't be surprised if [the defendant] was waiting for me at home with
a gun and shot me." Id. We concluded the statement was offered to show the declarant's belief that an individual would be
waiting with a gun rather than to show mental state or emotion. Thus, we determined the statement did not fall within the
"then existing mental condition" exception. See id. 

 The essence of the statement in this case, by contrast, goes to the victim's state of mind or emotion, and not to his belief. 
Naranjo's testimony was given in response to the question whether the victim ever expressed a fear for his life. Naranjo
testified the victim asked Naranjo not to leave him, and then stated he was afraid he would be killed. That the State offered
this testimony to show the victim's mental state is further supported by the fact that state of mind of the victim is a relevant
issue when the victim is a child. See Tex. R. Crim Proc. Ann. art. 38.37(2)(1) (Vernon Supp. 2000) (providing other
crimes, wrongs, or acts committed by defendant against child who is victim in assaultive offense are admissible for
relevant matters including state of mind of child). I conclude Naranjo's statement was offered to show the victim's fear for
his life rather than to show a belief that he would be killed. See McDonald v. State, 911 S.W.2d 798, 806 (Tex. App.--San
Antonio 1995, pet. dism'd) (testimony that victim changed locks at her home to protect herself from defendant was not
offered to show belief that defendant might attack victim, but rather to demonstrate fear). Consequently, I would hold the
trial court did not err in admitting Naranjo's testimony that the victim told him he was afraid he would be killed. 

 Furthermore, although I agree with the majority in that the trial court erred in admitting Naranjo's testimony concerning the
victim's statements of the physical abuse by appellant, I would conclude it to be harmless error. As the majority sets forth,
Naranjo testified the victim stated that on different occasions appellant hit him with a rubber hose and a chain from a car
engine. The victim also stated appellant slapped a brick he was holding, causing it to fall and cut his head. The majority
correctly concludes this testimony does not fall within any exception to the hearsay rule. Because of the substantial
cumulative evidence of physical abuse of the victim by appellant, however, I would conclude the trial court's admission of
this testimony did not amount to reversible error. 

 A violation of the rules of evidence resulting in the erroneous admission of evidence is non-constitutional error. See
Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). When reviewing non-constitutional error, we must
disregard the error unless it affected appellant's substantial rights. See Tex. R. App. P. 44.2(b). A substantial right is
affected "when the error had a substantial and injurious effect or influence in determining the jury's verdict." King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997). 

 There is no reversible error shown when alleged hearsay evidence is cumulative of the same properly admitted evidence. 
See Anderson v. State, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986); Nixon v. State, 940 S.W.2d 687, 690 (Tex. App.--El
Paso 1996, writ ref'd). During trial, Alejos Gomez testified without objection that appellant told him he whipped the victim
on the morning of his death and then beat him again with a board and put him in the bathroom. Gomez testified he
witnessed appellant beat the victim massively all over his body on other occasions with a belt or whatever he could find. 
Several witnesses testified without objection that appellant discussed disciplining and beating or whipping the victim, and
other witnesses testified to witnessing physical abuse. In light of this evidence and considering the entire record, I am
unable to conclude the trial court's admission of this hearsay testimony affected appellant's substantial rights. See Tex. R.
App. P. 44.2(b). Therefore, I would overrule appellant's first point of error. 

 

NELDA V. RODRIGUEZ 

Justice 



Do not publish. 

Tex. R. App. P. 47.3. 





Dissenting Opinion delivered and filed 

this the 4th day of May, 2000.