Charles Edward LEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 43986.

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Robert T. Baskett, and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant entered a plea of guilty before a jury to the offense of robbery by assault. He was convicted and assessed a punishment of twenty-five years, from which he appeals.

The first two grounds of error complain of cross-examination of character witnesses with respect to prior acts of appellant, one of which occurred when he was a juvenile.

The record reflects that several witnesses testified that appellant enjoyed a good reputation for being a peaceful and law abiding citizen. Upon cross-examination, they were asked if they had heard of specific prior arrests.[1] This was proper cross-examination to test the witnesses' complete knowledge of the accused's reputation. Smith v. State, Tex.Cr.App., 411 S.W.2d 548; Vance v. State, Tex.Cr.App., 365 S.W.2d 182. In cross-examination of a character witness it is not improper to inquire about acts when appellant was a juvenile. Hart v. State, Tex.Cr.App., 447 S.W.2d 944.

Next, appellant complains of the trial court's comment upon the admissibility of evidence tendered by appellant. Appellant offered into evidence, without objection, his pre-enlistment application to the Army. The court remarked that the exhibit was not admissible and didn't prove anything, but admitted it into evidence. Objection was made to the comments of the court but appellant neither asked for a ruling thereon nor was any request made to instruct the jury to disregard the same. Howard v. State, Tex.Cr.App., 420 S.W.2d 706.

To constitute reversible error, in violation of Article 38.05 Vernon's Ann.C.C.P., the comment must be such that is reasonably calculated to prejudice the defendant's rights. The only issue for the jury being punishment,[2] we find nothing in the court's remarks which was a benefit to the state or injurious to the appellant. Howard v. State, supra; Collins v. State,

---

1. These acts inquired about pertained to offenses, the nature of which would be inconsistent with a person being peaceful and law abiding. The record does not indicate the questions were asked in bad faith.

2. Darden v. State, Tex.Cr.App., 430 S.W.2d 494; Miller v. State, Tex.Cr.App., 412 S.W.2d 650.

Tex.Cr.App., 376 S.W.2d 354. This is especially true since no reversible error would have been committed if the exhibit had not been admitted.

All other grounds of error not herein written upon are deemed to be without merit and are overruled.

The judgment is affirmed.