**Johnny E. HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47879.**

Court of Criminal Appeals of Texas.

March 27, 1974.

**210**

A. L. Hernden, San Antonio, for appellant.

Ted Butler, Dist. Atty., John L. Quinlan, III, Stephen P. Takas, Stephen P. Allison, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of murder; punishment was assessed by the court, after the jury's verdict of guilty, at twelve years' confinement in the Texas Department of Corrections.

Initially, appellant alleges a violation of Article 38.05, Vernon's Ann.C.C.P., which states:

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case."

The alleged errors concern two remarks by the judge as he was ruling on objections by the state during the defense counsel's jury argument. The first comment occurred in the following manner:

"MR. HERNDEN (Defense Counsel): Anyway, as I was going to tell you, there's one change I would like to see in the jury system. I wish the jurors could ask questions of every witness, or say, we want John Doe brought in here so we can ask him questions.

"THE COURT: I would be against that; I'll tell you.

"MR. HERNDEN: It would take a lot of time, but when a person is going to the penitentiary for twenty-five years—

"MR. QUINLAN: I object to that, Your Honor, and ask the Court to ask Counsel not to go into that again.

"THE COURT: I will ask you not to go into that again, *unless you are making that as a recommendation.* (Emphasis added).

"MR. HERNDEN: Begging the Court's pardon, we object to that as a comment on the weight of the evidence.

"THE COURT: That's improper, but go ahead.

"MR. HERNDEN: We ask for a mistrial.

"THE COURT: I overrule the motion for a mistrial."

The second incident occurred after the state objected to a statement by defense counsel and asked the court to admonish counsel to stay in the record. Then we find the following:

"THE COURT: Counsel, I have repeatedly told you not to go outside the record. We don't care whether he did or didn't go try to get in the Marines. That's outside the record, Counsel.

"MR. HERNDEN: Judge, first of all, I disagree with the Court on the law. I would like the record to reflect that we would like to object to the record and that his character was brought out when we put him on the witness stand.

"THE COURT: That's fine. *You can try that on appeal."* (Emphasis added).

An objection was made and the court instructed the jury:

"THE COURT: Ladies and gentlemen of the jury, it's up to you to decide whether or not the Defendant is guilty or innocent; it's not up to me to decide anything concerning this case except the punishment in the event you find the Defendant guilty. I have absolutely no authority to find the Defendant guilty. It's strictly up to you.

"MR. HERNDEN: I ask for a mistrial.

"THE COURT: I overrule your motion."

■ To constitute reversible error in violation of Article 38.05, supra, the comment must be reasonably calculated to prejudice a defendant's rights. E. g., Barnes v. State, Tex.Cr.App., 503 S.W.2d 267; Lee v. State, Tex.Cr.App., 470 S.W. 2d 664. Here, the judge obviously realized that the first objected to remark; i. e., "unless you are making that as a recommendation", was error. He immediately ruled that such was "improper." However, the appellant had elected to go to the court for punishment in the event of a guilty jury verdict, and thus a recommendation would be of no concern to the jury. We therefore hold that the comment, although error and improper, was not so prejudicial as to require reversal of the case. The second remark; i. e. "you can try that on appeal," gives us more concern. It carries the implication that appellant's conviction was a foregone conclusion in the eyes of the court. Nevertheless, we conclude that the court's instructions to

the jury were adequate to cure the error. E. g., Cunningham v. State, Tex.Cr.App., 484 S.W.2d 906; Ward v. State, Tex.Cr. App., 474 S.W.2d 471.

Finally, appellant argues that the trial court committed reversible error by refusing to grant a new trial on the basis of newly discovered evidence.

At the hearing on motion for new trial, Arturo Valdez testified that the appellant was not involved in the death of the deceased. He did not testify at the trial, stating that after the shooting he had gone to Utah. An attorney, who represented appellant at the trial, testified that he was unable to locate Valdez prior to the trial, and appellant submits that this "newly discovered evidence" was sufficient to afford him a new trial since he had been diligent in attempting to discover the whereabouts of the witness in time for trial.

■ The trial court has considerable discretion in granting or denying a new trial on newly discovered evidence. To show that the court abused its discretion by not granting a new trial, the record must reflect: (1) that the evidence was unknown to the movant before trial; (2) that his failure to discover it was not due to his want of diligence; (3) that its materiality was such as would probably bring about a different result on another trial, and (4) that it was competent, not merely cumulative, corroborative, collateral, or impeaching. E. g., Powell v. State, Tex.Cr.App., 502 S.W.2d 705.

In the instant case the testimony shows that during the early morning hours of May 13, 1972, the deceased was shot and killed at a location in the west side of San Antonio.

Micaela Casillas testified that the appellant inflicted the fatal wounds during the course of a struggle between appellant and the deceased. She stated that the encounter took place in the back yard of her apartment and that three other friends of the appellant witnessed the struggle and ran away with the appellant immediately after the shooting. The three persons with appellant were Antonio Berlanga, Arturo Valdez, and Johnny Jett.

Antonio Berlanga testified as a defense witness and stated that he was with the appellant on the night in question and that while he, the appellant, Johnny Jett[1] and Arturo Valdez were together that night, they heard gunshots connected with the death of the deceased. He testified that he was sure that the appellant did not shoot the deceased.

Appellant, testifying in his own behalf, stated that he and his three friends were in the area where the shooting took place but denied involvement therein.

■ Here, the testimony was clearly not unknown to appellant prior to trial; and, assuming, without finding, that diligence was shown, the testimony would have been merely cumulative of that already given by witness Berlanga. Further, it is unlikely that a different result would be reached at another trial. No error is shown.

Finding no reversible error, the judgment is affirmed.

ROBERTS, Judge (dissenting.)

I vigorously dissent from that portion of the majority opinion which states that the remark by the trial judge "You can try that on appeal" could have been cured by an instruction to the jury. This statement was made during the guilt/innocence stage of the trial. Furthermore, I conclude that the "instruction" given here could only have compounded the injury, informing the jury that as far as finding the appellant guilty it was "strictly" up to them.

The only reasonable interpretation which can be placed on the judge's statement is

1. Johnny Jett was not called as a witness. The record reflects that he was in the Marines and stationed in San Diego.

that, at least in his mind, the guilt of the appellant had already been firmly established as of that point in the trial, and his only remedy lay in an appeal to this Court. Now this Court denies him that remedy, also. I am bewildered by the failure of this Court to recognize this as error. How much more flagrant a remark will this Court require before labeling it a comment on the weight of the evidence? My hope that the present mood of the Court is short-lived will serve as little consolation to the appellant in this cause.

Also, the two cases cited by the majority concern jury argument and are not in point.

I vigorously dissent and would reverse and remand this cause.