Johnny Earl MYERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 50473.

Court of Criminal Appeals of Texas.

Sept. 23, 1975.

Ron B. Johnson, Waxahachie, for appellant.

Gene Knize, County Atty., David Dewey Bass, Asst. County Atty., Waxahachie, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

By per curiam order of July 23, 1975, this appeal was dismissed for failure to give timely notice of appeal. Following the filing of supplemental transcripts, however, the appeal has now been re-instated.

This is an appeal from a conviction for theft of property of the value of over $200. The punishment, enhanced by a prior conviction under Section 12.42(a), V.T.C.A. Penal Code, was assessed at eight years.

In his first ground of error, appellant complains of the trial court's action in overruling his motion that he be released from custody on October 20, 1974, one day before trial in this cause commenced. Appellant grounded his motion upon an order of the United States District Court for the Northern District of Texas, dated August 21, 1974, and ordering appellant's release from custody if not brought to trial within 60 days thereof. Both sides agree that the sixtieth day fell on Sunday, October 20, 1974. Trial on the merits began the following day.

Since the federal suit filed by appellant was in the nature of a civil action, Rule 6(a) of the Federal Rules of Civil Procedure dictates the computation of time under the federal court order as follows:

"In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, *by order of the court,* or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, *unless it is* a Saturday, a *Sunday,* or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday." (Emphasis supplied)

Rule 45(a) of the Federal Rules of Criminal Procedure provides for the same method of computing time in criminal cases. The same rule applies in Texas. See *Barbee v. State,* 432 S.W.2d 78 (Tex.Cr.App.1968), on motion for rehearing.

■ Since the sixtieth day following the federal court's order fell on a Sunday, the State was in compliance with the order by bringing appellant to trial on the following Monday. Appellant's first ground of error is overruled.

■ Appellant next contends that the court erred in overruling his motion for a mistrial based on the prosecutor's statement during the voir dire examination of the prospective jurors that "the defendant has just as much a right to subpoena any witnesses and tell his story to you as the State does." Appellant contends that this statement was a comment on his failure to testify in violation of Art. 38.08, V.A.C.C.P.

■ In order to offend the statute, the implication that the language used has reference to the accused's failure to testify must be a necessary one. *Ramos v. State,* 419 S.W.2d 359 (Tex.Cr.App.1967). There was no indication at the voir dire examination of the prospective jurors that appellant would not take the stand at the trial on the merits. The prosecutor's statement was not of such a character that the jury would necessarily have taken it to be a comment on the subsequent failure of the appellant

to testify. *McCary v. State*, 477 S.W.2d 624 (Tex.Cr.App.1972). Much more direct references to an accused's failure to testify were not reversible error in *Hill v. State*, 480 S.W.2d 670 (Tex.Cr.App.1972). Appellant's second ground of error is overruled.

■ Appellant also complains that the prospective jurors were qualified on a range of punishment from two to twenty years during their voir dire examination. He contends that this qualification indirectly informed the jury of a prior conviction by which the State intended to enhance appellant's punishment. The presumption that citizens are presumed to know the law, and therefore to know of the possible punishment if appellant's conviction is enhanced, is essential to appellant's contention. Not only is such a presumption highly unlikely in this case, but appellant's reliance thereon is completely misplaced. The presumption relied on is actually a misstatement of Sec. 8.03, V.T.C.A., Penal Code, which provides as follows:

> "(a) It is no defense to prosecution that the actor was ignorant of the provisions of law after the law has taken effect."

See also McCormick and Ray, Texas Law of Evidence, 2nd Ed., Sec. 52, p. 60, wherein it is stated:

> "Perhaps the most common illustration is the statement that all persons are presumed to know the law. This is merely an artificial way of stating the substantive principle that ignorance of the law is no excuse."

The prosecutor's statement to the prospective jurors did not have the effect of informing them of appellant's prior conviction. This ground of error is without merit.

Appellant lastly contends that the trial court erred in failing to grant him a hearing on his motion for new trial based on newly-discovered evidence. He claims that he was prevented from obtaining an affidavit from the witness Robert James Walker because the latter was under psychiatric care. The witness Walker was called by the defense but on cross-examination he contradicted his earlier testimony and connected appellant with the theft of the automobile.

■ In order for a new trial to be granted on the basis of newly-discovered evidence, it must be shown that such evidence was in fact newly-discovered, that it was material, that the failure to discover the evidence sooner was not due to lack of diligence on the part of the appellant, that the new evidence was probably true, and that such evidence would probably produce a different result at another trial. *Williams v. State*, 504 S.W.2d 477 (Tex.Cr.App. 1974); Art. 40.03(6), V.A.C.C.P. The newly-discovered evidence in this case, however, was not material and could only have been used to impeach Walker. The rule is stated in 1 Branch's Ann. Penal Code of Texas, 2nd Ed., Sec. 224, p. 257 (1956) as follows:

> "Newly-discovered testimony which would not be admissible as original evidence, but which could only be used to discredit or impeach the testimony of a witness who had testified on the trial of the case, is not ordinarily ground for a new trial, and the discretion of the trial court in refusing a new trial sought to obtain such testimony will not be revised on appeal."

Appellant would not have been entitled to a new trial on the basis of this newly-discovered evidence, and therefore the court did not err in refusing him a hearing on his motion. *Ayala v. State*, 511 S.W.2d 284 (Tex.Cr.App.1974).

Appellant's fourth ground of error is overruled and the judgment is affirmed.