Nancy Lynn Schnack ETTER, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–81–005CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 11, 1982.

David R. Bires, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

PAUL PRESSLER, Justice.

Appellant, Nancy Etter, and co-defendant, Richard Glen Morgan, were tried jointly. The jury returned a verdict of guilty as to appellant and a verdict of not guilty as to Morgan. The jury assessed appellant's punishment at fifty years confinement.

On July 27, 1978, David William Holder, the victim, was killed by a gunshot at a residence in Houston. At the time Holder was shot, three other people were in the room and witnessed the circumstances leading up to the shooting and the shooting itself. The three witnesses were Thomas Allen Morse (the State's principal witness), the appellant, and Morgan. The facts leading up to the shooting itself are not in dispute. At approximately 8:00 a. m., Morse was awakened by a knock on the door of the house which he and the victim were renting from the appellant. Morse admitted appellant and Morgan. Morse and appellant discussed Morse's purchase of the house from appellant. During the course of that conversation, the victim came out of his bedroom and told Morse that appellant was asking too much money for the house and that he and Morse could build a house for less than the price she was asking. Apparently a heated argument ensued. Neither appellant nor Morgan had ever met the victim prior to that morning. At this point the accounts differ.

According to Morse's testimony, appellant pulled a handgun from the waist of her blue jeans and pointed it first at Morse and then at the victim. Morse testified that he started to leave and then turned to face the appellant. As he turned, she fired hitting the victim. Morse further testified that he ran out the front door and saw a bullet hit the door as he unlocked it.

Appellant testified that she was complaining of the condition of the house and did indeed discuss terms of sale of the house to Morse. Appellant further testified that she told them that they should move out of the house, and at that time Morse and the victim began directing abusive language at her. Appellant's testimony states that the victim advanced toward her and toward a handgun which was on top of a bar in the house. She grabbed the gun and told the victim to stop. As Holder advanced, appellant claimed she was hit from behind by Morse and the gun fired striking Holder.

During the entire affair Morgan apparently simply remained seated on the sofa in the den.

In the course of their joint trial, appellant's counsel attempted to call Morgan as a witness on her behalf, but Morgan's trial attorney objected and instructed Morgan not to testify. After the jury convicted appellant and acquitted Morgan, Morgan was called as a witness at the hearing on appellant's motion for a new trial. Morgan's testimony disputed Morse's version of the shooting and confirmed the appellant's version. The trial court overruled appellant's motion for a new trial.

Appellant contends now that the newly-available testimony of Morgan warranted a new trial and that the trial court's refusal to grant a new trial constitutes reversible error.

Appellant relies on *Whitmore v. State*, 570 S.W.2d 889 (Tex.Cr.App.1978). In *Whitmore*, the court by a slim majority set out the requirements for obtaining a new trial based upon newly-discovered or newly-acquired evidence. The requirements are that the record must reflect that:

1. The newly-discovered evidence was unknown to the movant at the time of his trial;
2. The movant's failure to discover the evidence was not due to his want of diligence;
3. The materiality of the evidence is such as would probably bring about a different result on another trial; and
4. The evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching.

*Id.* at 896.

■ The testimony of Morgan was known to the appellant before her trial, and although not within the usual meaning of the words "newly-discovered," it is newly-available evidence. The Court of Criminal Appeals has long recognized that newly-available evidence is the same as newly-discovered evidence. Furthermore, there is no doubt that the testimony of Morgan was newly-available evidence after the jury at the trial acquitted him. Thus the first requirement of *Whitmore* is met.

■ However, appellant has failed to satisfy the diligence requirement. She did not file a motion for severance prior to trial although her co-defendant apparently did. Further, at the hearing on the motion for new trial, appellant's counsel established that he and Morgan's attorney had discussed the testimony that the client of each would give and that "there were no material discrepancies between them." During trial both counsel strenuously asserted that there was no evidence of Morgan's guilt. State's counsel on appeal acknowledges that the only evidence to show Morgan's guilt, other than his presence at the time of the offense, was his flight and failure to surrender for some two weeks following the commission of the offense.

Another question would be presented had appellant filed a motion for severance, before the trial began, setting out her belief in the insufficiency of the evidence against Morgan, her desire to have Morgan available as a witness and his unavailability absent the granting of the motion. This would have enabled the trial court to hold a hearing, question counsel for all parties involved, and intelligently rule on the matter. However, appellant did nothing, so far as this record shows, until the State rested. She then moved for a severance. The court was powerless to do anything at that point other than deny the motion. Since appellant failed to exercise diligence, the trial court was fully justified in denying the motion for new trial.

■ The record also fails to show an abuse of discretion by the trial court in not granting a new trial under the third and fourth requirements. Appellant testified and Morgan did not. Morgan's testimony, given on appellant's motion for new trial, although very vague and uncertain in many respects, is identical in all material matters to that of appellant given before the jury. It is, therefore, obvious that Morgan's testimony was merely cumulative and corroborative.

Upon reading the testimony of appellant, it is not at all difficult to understand why the jury apparently refused to believe her. Moreover, it certainly was not an abuse of discretion on the part of the trial judge to refuse to grant a new trial based upon the vague and uncertain testimony of Morgan. In fact, the trial judge would have been justified in finding Morgan's testimony was false, just as the jury had found appellant's testimony to be.

■ The trial judge must determine if the newly discovered or available evidence is material. It must be probably true and of such weight as probably to produce a different result at another trial. *Van Byrd v. State*, 605 S.W.2d 265 (Tex.Cr.App.1980). According to the Court of Criminal Appeals, whether the new evidence is probably true is a determination for the trial judge. Appellant's first point of error is overruled.

■ Appellant's second ground of error alleges that the trial court erred in denying the motion of co-defendant, Richard Morgan, for an instructed verdict of not guilty thereby depriving appellant of Morgan's testimony. The trial court is presumed to

have good cause to overrule a motion for instructed verdict. *Wyatt v. State*, 566 S.W.2d 597 (Tex.Cr.App.1978). Based upon our holding above and this presumption, appellant's second ground of error is overruled.

The conviction is affirmed.

MURPHY, Justice, dissenting.

I respectfully dissent from the opinion filed by the majority which relies on the four-prong test for the grant of a new trial due to "newly discovered" or "newly available" evidence set forth in *Whitmore v. State*, 570 S.W.2d 889, 896 (Tex.Cr.App. 1978). The disparity among the cases cited as authority in *Whitmore* as to the fourth prong of that test, i.e., that the evidence not be cumulative, corroborative, collateral or impeaching, disturbs me for two reasons.

First, the semantic distinctions in the cases create two different prongs. The *Hernandez v. State* case, 507 S.W.2d 209 (Tex.Cr.App.1974), cites *Powell v. State*, 502 S.W.2d 705 (Tex.Cr.App.1973) as authority for proscribing evidence which is found to be admissible and not merely cumulative, corroborative, collateral or impeaching. 507 S.W.2d at 212. The authority on which *Powell* relies is a citation to 41 Tex.Jur.2d *New Trials* § 105 (1963). *Williams v. State*, 504 S.W.2d 477 (Tex.Cr.App.1974), string cited with *Hernandez* does not employ a fourth prong. The test in *Williams* requires that: (1) the evidence is in fact newly discovered; (2) no lack of diligence caused the failure to discover that evidence sooner; and (3) the evidence is probably true and a different result probably would be reached. 504 S.W.2d at 482. A third case cited with *Williams* and *Hernandez*, *Myers v. State*, 527 S.W.2d 307 (Tex.Cr.App.1975), applies the three-prong test found in *Williams* quoted above. 527 S.W.2d at 309. Therefore, *Whitmore* cites two out of three cases as authority for its four-prong test which do not apply such a test.

The second factor due to which I find the majority opinion disturbing is the possibility that newly available or discovered evidence will rarely surmount the heavy burden imposed by the proscription against "merely cumulative or corroborative evidence" in the *Whitmore* test in a case involving co-defendants. Black's Law Dictionary defines "cumulative" evidence as additional evidence to the same point, i.e., a same or new witness merely repeating in substance and effect, or adding to prior evidence. Blacks Law Dictionary 455 (4th rev. ed. 1977). "Corroborative" is evidence which supplements evidence already given and which tends to strengthen or confirm, i.e., additional evidence of a different character which supports the same point. *Id.* at 414. Evidence supplied by co-defendants involved in the same incident at the same time would necessarily be corroborative and/or cumulative, which poses serious questions as to when, if ever, in a case such as here, evidence from a later acquitted co-defendant would be available to a co-defendant currently on trial.

An additional reason for my dissenting position is the majority's imposing a procedural requirement nowhere required in order to show diligence as prescribed in all the newly found evidence tests described above. Another situation would indeed exist where a defendant knows his/her co-defendant will invoke his/her privilege and further knows that in such a case the code of criminal procedure required a motion for severance at the beginning of the trial. Justice is not served where as in the case before us a defendant is denied the testimony of the only other witness to the offense due to a non-existent procedural mandate. Moreover, the failure to strictly adhere to procedural rules can never justify the denial of important constitutional rights. I would urge that this case be reversed and remanded for a new trial and the procedural rule demanded by the majority be required in future cases. I cannot, however, justify its application here.