**Darrien Ray GODFREY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–92–01015–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 29, 1993.

Kenneth P. Mingledorf, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

Appellant, Darrien Ray Godfrey, appeals his judgment of conviction for the offense of unauthorized use of a motor vehicle. TEX.PENAL CODE ANN. § 31.07 (Vernon 1989). The jury rejected appellant's not guilty plea and after finding the two enhancement paragraphs of the indictment to be true, assessed punishment at forty-three (43) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We reverse.

On June 30, 1992, Officer R.L. Flakes stopped appellant's car after he saw him run a red light. Upon doing so, the officer noticed that a rear window panel was broken and that the steering wheel column had been "popped". A computer check on the vehicle showed that it had been reported stolen several hours earlier. At trial, complainant, Ms. Bobbye Jenkins, testified that she reported missing the very vehicle in which appellant was found driving. She also testified that while she did not see anyone take the car, she did not know appellant and had not given him permission to drive the car.

In appellant's sole point of error, he complains that the trial court erred in overruling his objection to an argument made by the prosecutor during voir dire. Specifically, that:

PROSECUTOR: The Judge told you a defendant does not have to testify in his own behalf and that is absolutely fine. Look at the position he is in. I think possibly this is the reason the law says in the United States Constitution he does not have to testify on his own behalf and the jury will be instructed to disregard it. That is important to the defense and to me. We are looking for a fair jury that will follow the law. Look at his predicament a second: If he gets up here and testifies, he will say anything to save his own hide, he will get up there and lie.

DEFENSE ATTORNEY: Completely outside the realm of voir dire.

COURT: Overruled.

PROSECUTOR: But if he doesn't testify, he must be hiding something. So, the law says we are not going to put him in that predicament. He doesn't have to testify and you can't consider it.

Appellant contends that the law as explained by the prosecutor, presumes that appellant is guilty and so if forced to testify, he will be compelled to commit perjury. Appellant contends that this statement contradicts the law in the Court's charge which instructs the jury to presume that appellant is innocent. The State, in its brief, concedes that the comment by the trial prosecutor was error but argues that it was harmless error under TEX.R.APP.P. 81(b)(2).

The question before this Court is whether the statement by the prosecutor requires reversal under the harmless error rule of TEX.R.APP.P. 81(b)(2). This rule requires this court to evaluate criminal cases accordingly:

Criminal Cases. If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review,

unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

Under rule 81(b)(2), the reviewing court must determine whether the alleged error might possibly have prejudiced the jurors. *Harris v. State*, 790 S.W.2d 568, 587–88 (Tex.Crim.App.1989). In particular, the reviewing court must determine whether the trial was a fair one. *Id.* Statements by counsel will not constitute reversible error unless, in light of the record as a whole, the statements are extreme or manifestly improper, violative of a mandatory statute, or inject new facts harmful to the accused into the proceedings. *Brooks v. State*, 642 S.W.2d 791, 798 (Tex.Crim.App.1982).

 Since the prosecutor's statement was made at voir dire, the statement was not a comment on appellant's subsequent failure to testify. This is because it was made *before* it was known whether or not appellant would testify. *See Campos v. State*, 589 S.W.2d 424, 426 (Tex.Crim.App. 1979); *McCary v. State*, 477 S.W.2d 624 (Tex.Crim.App.1972). However, the State's argument was improper because it was an incorrect statement of the law as to the reason the law allows a defendant to choose not to testify. Because it was improper, we must now determine whether it was harmless.

In *Harris v. State*, the Texas Court of Criminal Appeals recognized that Rule 81(b)(2) was the substantial equivalent of the harmless standard announced by the United States Supreme Court in *Chapman v. California*. *Harris*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Harris*, 790 S.W.2d at 584. *Chapman* held that the State had the burden of proving beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. *Chapman v. California*, 386 U.S. at 24, 87 S.Ct. at 828. *Harris* requires us to answer six questions when conducting a harmless error analysis.

 In general, *Harris* mandates that we not ask whether the outcome of the trial was proper, rather this decision requires us to focus upon the integrity of the process leading to appellant's conviction.

The six factors to examine are: (1) the source of the error; (2) the nature of the error; (3) whether or to what extent it was emphasized by the State, and (4) its probable collateral implications. Further, the court should consider (5) how much weight a juror would probably place upon the error. It must also determine (6) whether declaring the error harmless would encourage the State to repeat it with impunity. The reviewing court should focus not on weight or other evidence of guilt, but rather on whether the error at issue might possibly have prejudiced the juror's decision-making. We do this, not by asking whether the jury reached the correct result, but by asking whether the jurors were able properly to properly apply the law to the facts.

 The source of error in this case was an officer of the court. When such an error is committed by one who is supposed to be familiar with the intricacies of trial, the error is enhanced. Moreover, the nature of the error was a misstatement of the law, particularly, a misstatement as to why a defendant may or may not choose to testify. Moreover, once the objection was overruled, the State did not abandon the argument. Rather it persevered with the same line of argument. The error was thus overemphasized.

In *Orona v. State*, 791 S.W.2d 125, 130 (Tex.Crim.App.1990), the Texas Court of Criminal appeals noted that even though the defendant's objection to the improper jury argument was overruled and the State "completely abandoned its argument," it specifically noted that "[i]f the State had sought to advance its argument after the objection, then an opposite result might be necessary." In this case, the prosecutor choose to advance his argument rather than retreat from it. The court compounded the error by overruling the objection.

The probable collateral implications were that the jury was impaired in its deliberation. Such a misstatement of the law could only confuse and prejudice their deliberation. A juror would most likely place a significant amount of weight on this error and maintain this weight throughout the

**586**

trial. Lastly and most importantly, declaring the error harmless would encourage the State to repeat such improper arguments with impunity. The statements made by the prosecutor in this case were extremely improper. The State should not be allowed to continue making such improper statements with impunity. *See Brooks*, 642 S.W.2d at 798. Because the statement prejudiced the decision-making process of the jury, appellant was essentially denied a fair trial. We cannot determine beyond a reasonable doubt that this error did not make a contribution to appellant's conviction or punishment. Appellant's sole point of error is sustained.

Accordingly, the judgment of the trial court is reversed and remanded for a trial in accordance with this opinion.