Affirmed and Memorandum Opinion filed November 13, 2008








 

Affirmed
and Memorandum Opinion filed November 13, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00227-CV

____________

 

AMAL SHESHTAWY, Appellant

 

v.

 

ADEL SHESHTAWY, DRILL BIT INDUSTRIES, INC. and

TRI-MAX INDUSTRIES, INC., Appellees

 

 



 

On Appeal from the
309th District Court

Harris County,
Texas

Trial Court Cause
No. 2000-63348

 



 

M E M O R
A N D U M   O P I N I O N








Although
Amal and Adel Sheshtawy=s marriage was terminated six years ago, they continue to
litigate the division of their marital property.  In this latest appeal, Amal
challenges the trial court=s factual determination that the community estate does not
include a drilling-tool patent for which Adel applied during the marriage. 
Amal insists that she has uncovered new evidence showing that the patent
belongs to the community estate.  The trial court denied her motion for new
trial, and Amal has appealed.  We affirm.

                                                               BACKGROUND

Adel (AHusband@) and Amal (AWife@) were married in 1996.  By 2000,
Husband had filed for divorce, and requested a division of the couple=s marital property.  A key issue in
the subsequent proceedings related to whether that marital property included a
United States patent for a ADrilling Tool with Extendable Elements.@[1]  Wife contended that, because
Husband applied for this patent during their marriage, the patent belonged to
the community estate.  However, Husband insisted that, before the marriage, he
had already sold the patent rights to appellee Drill Bit Industries, Inc. d/b/a
Tri-Max Industries, Inc. (collectively, ADrill Bit@).  Husband and Drill Bit argued that
the patent therefore belonged to Drill Bit, and could not be considered as part
of the community estate.

The
trial court found that the drilling patent belonged to the community estate,
and Husband appealed.  The Fourth Court of Appeals affirmed the divorce decree
but reversed, for factual insufficiency, the portion of the decree that
adjudged the patent to be community property.  See Sheshtawy v. Sheshtawy,
150 S.W.3d 772, 780 (Tex. App.CSan Antonio 2004, pet. denied), cert. denied, 546 U.S.
823 (2005).  The case was remanded for the trial court=s determination of ownership of the
drilling patent.  See id. at 781.








During
the bench trial on remand, Drill Bit attempted to introduce into evidence a AProduct Development Agreement@ that presumably demonstrated Husband=s pre-marital assignment of the
patent rights to Drill Bit.  However, Wife objected that the agreement had not
been produced in discovery.  The trial court sustained her objection, and
refused to admit or consider the agreement.  After hearing testimony, the trial
court nevertheless found that the patent belonged to Drill Bit, and not to the
community estate.

Wife
moved for a new trial on the basis of newly-discovered evidence which, she
contended, demonstrated Husband=s (and, consequently, the community estate=s) ownership of the drilling patent. 
The trial court denied the motion for new trial, prompting this appeal. 
Generally, Wife contends the trial court abused its discretion in denying her
motion for new trial.  In a second issue, Wife continues to protest the
inadmissibility and legal effect of the Product Development Agreement that was
neither admitted into evidence nor considered by the fact finder.  

We hold
that Wife has not demonstrated her entitlement to a new trial on the basis of
newly-discovered evidence.  We therefore affirm the trial court=s judgment.

                                                       STANDARD
OF REVIEW

The
decision whether to grant a new trial because of newly-discovered evidence is
within the trial court=s sound discretion, and will not be disturbed absent an abuse
of that discretion.  First Heights Bank, FSB v. Marom, 934 S.W.2d 843,
846 n.2 (Tex. App.CHouston [14th Dist.] 1996, no writ).  A trial court abuses
its discretion if it acts without reference to guiding rules and principles.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42 (Tex. 1985).  In reviewing the
trial court=s ruling for an abuse of discretion, we indulge every reasonable
presumption in favor of the refusal to grant a new trial.  Patriacca v.
Frost, 98 S.W.3d 303, 307 (Tex. App.CHouston [1st Dist.] 2003, no pet.).








                                                                    ANALYSIS

Wife claims to have uncovered new evidence showing that,
during their marriage, Husband applied for three patents.  She argues that this
evidence conclusively establishes that the patents are community property, and
that a new trial is warranted.  We disagree.

A trial
court properly grants a new trial on the basis of newly-discovered evidence if
the movant demonstrates that (1) she first became aware of the evidence after
trial; (2) her failure to discover the evidence sooner was not caused by her
lack of due diligence; (3) the evidence is not cumulative; and (4) the evidence
is so material that, were a new trial granted, the evidence would produce a
different result.  Rankin v. Atwood Vacuum Mach. Co., 831 S.W.2d 463,
467 (Tex. App.CHouston [14th Dist.]), writ denied, 841 S.W.2d 856 (Tex. 1992)
(per curiam).  In arguing the first two elements, Wife sullies her opponents,
their truthfulness, and their perceived discovery abuses.  However, she must
prove all four elements to be entitled to a new trial.  See id.  We hold
that she has not proven the third and fourth elements, that is, that the
newly-discovered evidence is non-cumulative and would produce a different
result in a new trial.

A.        The Newly-Discovered
Evidence

The Anew@ evidence consists of (1) a few pages
that accompany the U.S. patent application, and (2) two similar applications
for patents for the same product in Canada and the United Kingdom.  Having
known of the U.S. patent before the 2002 divorce trial, she waited until after
the trial on remand before sending a courier to examine the U.S. Patent and
Trademark Office records, in which she discovered that Husband is listed as the
patent Aapplicant.@  The record does not explain the
circumstances behind her discovery of the two foreign patent applications.








B.        Failure
to Discover Evidence through Due Diligence

Generally,
Wife blames her opponents= lack of discovery candor for her inability, even through due
diligence, to discover this evidence sooner than she did.  We note that she was
in possession of the U.S. patent application no later than September 13, 2002,
and that some of the newly-discovered evidence was available in the Patent and
Trademark Office public records.  See Little v. Smith, 943 S.W.2d 414,
425 (Tex. 1997) (AA person is charged with constructive notice of the actual
knowledge that could have been acquired by examining public records.@) (citation omitted).  As to the
foreign patent applications, appellees contend that the Canada and United
Kingdom patent applications are matters of public record in their respective
countries, and that Wife failed to exercise due diligence in searching foreign
public records. 

            We need not decide
whether the duty of due diligence in fact requires a party to scour public
records across the world, however, because we hold that Wife has not satisfied
the third and fourth elements for a new trial.  The entirety of her attempt to
satisfy these requirements is encapsulated in the following conclusory
paragraph:

With respect to the third element, clearly the patent information is
not cumulative, as [Husband] produced no evidence at trial concerning any
ownership of patents.  The three patents would with out [sic] question produce
a different result if a new trial were granted. [Wife] would have an interest
in three patents that were not considered during the trial, which would
increase her community property award significantly.

We are not convinced,
however, that the newly-discovered evidence is non-cumulative, or that it would
have produced a different result in a new trial.

C.        The Foreign Patents are
Cumulative.








To be
entitled to a new trial for newly-discovered evidence, Wife must demonstrate
that the new evidence is not merely cumulative of other evidence introduced at
trial.  See Rankin, 831 S.W.3d at 467.  ACumulative@ evidence, simply, is additional
evidence to the same point, that is, evidence that merely repeats the substance
and effect of other evidence.  Etter v. State, 629 S.W.2d 839, 842 (Tex.
App.CHouston [14th Dist.] 1982) (Murphy,
J., dissenting), aff=d, 679 S.W.2d 511 (Tex. Crim. App. 1984); Vick v.
Schaff, 260 S.W. 916, 921 (Tex. Civ. App.CWaco 1924, writ dism=d w.o.j.).

The
foreign patent applications add nothing new to the evidence that the trial
court considered in finding that Drill Bit, and not the community estate, owns
the patent in question.  A careful comparison of the U.S. patent application,
which was introduced at trial, with its newly-discovered foreign counterparts
demonstrates that all three applications pertain to the same device.  In each
application, the drilling tool device is described in similar, if not identical,
terms.  Although the foreign patent applications identify Husband as the device
inventor and patent applicant, that evidence had already been presented to the
trial court.  That is, the trial court heard evidence that Husband invented the
device that is described in the patent application, and that Husband was
involved in the patent application process.  As is discussed below, the trial
court found that Husband=s status as the device inventor or patent applicant
did not render him the patent owner.

Because
the newly-discovered evidence merely repeats the substance and effect of other
evidence that was considered by the trial court, it is cumulative.  See
Etter, 629 S.W.2d at 842; Vick, 260 S.W. at 921.  Therefore, Wife
does not satisfy the third requisite element to be entitled to a new trial.  See
Rankin, 831 S.W.3d at 467.

D.        The Newly-Discovered
Evidence Would Not Produce a Different Outcome.

Wife
must also demonstrate that, were a new trial granted, the newly-discovered
evidence would produce a different outcome.  See id.  She purports to
satisfy this element by arguing that this evidence demonstrates Husband=s ownership of the three patents.  It
does not.








The trial
court heard evidence that in 1994, before his marriage to Wife, Husband
conceived of the patented device.  He sold the concept to Drill Bit, which paid
him $12,000 to develop the patent and prepare the patent application drawings. 
He did not receive any additional money from Drill Bit during his marriage. 
With his assistance, Drill Bit=s lawyers filed the patent application.  Drill Bit paid all
of the expenses for preparation and filing of the patent application.  Specifically,
in addition to the $12,000 paid to Husband and the patent attorneys= fees, Drill Bit paid for the
development and manufacture of the tools that were used to develop the patent. 
Although Husband=s name was included in the patent application, testimony
demonstrated that the use of the inventor=s name on an application does not
necessarily bestow patent ownership upon the inventor.  Rather, the trial court
heard evidence that it can be common practice within the oil and gas industry
for a company, like Drill Bit, to own a patent that was invented or developed
by an individual associated with that company.  Husband further testified that
he claims no ownership interest in the patent, and there was evidence that
Drill Bit considers the patent to be a company asset.

Given
all of the foregoing, we cannot say that a different outcome would result were
a new trial granted for the trial court, as fact finder, to consider the
additional evidence.  That Husband is listed as the device inventor and patent
applicant in cumulative foreign patent applications, by itself, simply does not
prove that he is the owner of the patent.  Accordingly, Wife has not
demonstrated that the trial court abused its discretion in denying her motion
for new trial.  See id.

We
overrule Wife=s first issue.  Because we hold that no new trial is owing, we need not
address Wife=s second issue relating to the inadmissibility of the Product Development
Agreement that, pursuant to her objection, was neither admitted into evidence
nor considered by the fact finder.

                                                                              








CONCLUSION

We find
no error in the appellate record or the trial court=s order denying appellant=s motion for new trial.  Accordingly,
we affirm the judgment of the trial court.

 

 

/s/      J. Harvey Hudson

Senior Justice

 

 

 

Judgment Rendered, and Memorandum
Opinion filed November 13, 2008.

Panel consists of Chief Justice
Hedges, Justice Brown, and Senior Justice Hudson.*









            [1]  The dispute took
on particular significance because the eventual divorce decree, which was
entered in 2002, awarded to Wife a sixty-percent interest in any patent that
was found to have been the couple=s
marital property.





            * 
Senior Justice J. Harvey Hudson sitting by assignment.