**Opinion filed November 19, 2020**



## In The

# Eleventh Court of Appeals

_____

## No. 11-18-00334-CR

_____

## LIVAN OTERO RODRIGUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-45,186**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Livan Otero Rodriguez, of three counts of sexual assault of a child (Counts Two, Four, and Five) and two counts of indecency with a child (Counts One and Three). *See* TEX. PENAL CODE ANN. § 21.11 (West 2019), § 22.011 (West Supp. 2020). The jury assessed Appellant's punishment at confinement for twenty years for each count of sexual assault of a child and five years for each count of indecency with a child. The trial court ordered the sentences

for Count One (five years) and Count Two (twenty years) to run concurrently. The trial court ordered the sentence for Count Three (five years) to run consecutively, beginning at the end of the sentence for Count Two. The trial court ordered the sentence for Count Four (twenty years) to run consecutively to the sentence in Count Three, and the sentence for Count Five (twenty years) to run consecutively to the sentence in Count Four.

In two issues on appeal, Appellant asserts that the trial court erred in failing to grant a mistrial during voir dire and that the trial court erred in granting the State's motion to strike a veniremember for cause. We affirm.

*Background facts*

The victim, J.G., was almost fifteen years old at the time she and her mother moved into Appellant's apartment. Although Appellant never married J.G.'s mother, J.G. considered Appellant her stepfather. J.G. was fifteen years old when Appellant began sexually assaulting her. J.G. testified that Appellant began by touching her private areas on various occasions, until one day when Appellant began having sexual intercourse with her.

While she was still fifteen, J.G. became pregnant. Appellant began sending J.G. and her high-school boyfriend threatening text messages, claiming that Appellant was the father and admitting to having sexual intercourse with J.G. on multiple occasions. It was at this time that J.G. told her mother of Appellant's conduct, and the police became involved. A DNA test revealed that Appellant was the father of J.G.'s child.

*Analysis*

In Appellant's first issue, he asserts that the prosecutor made an improper comment about the defendant's right not to testify. *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 38.08 (West 2005). During voir dire, the prosecutor discussed the types of evidence typically found in a sexual

assault case. In doing so, the prosecutor apparently was trying to list all of the possible types of evidence for the purpose of determining if any of the veniremembers would require a particular type of evidence in order to find a person guilty. During this discussion, the prosecutor asked: "What about confessions? Who gets to pick whether or not they confess to the police? The perpetrator does. All right?" Defense counsel did not object to this statement at the time it was made. He subsequently moved for a mistrial later in voir dire by asserting that the earlier statement constituted an improper comment on the defendant's right not to testify. The judge denied the request.

We review a trial court's denial of a motion for mistrial under an abuse of discretion standard. *Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004). Courts continually acknowledge that "[a] mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile." *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins*, 135 S.W.3d at 77.

As a threshold matter, we find that Appellant did not preserve his request for a mistrial for appellate review. *See* TEX. R. APP. P. 33.1 (as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely and specific request, objection, or motion). "The essential requirement is a timely, specific request that the trial court refuses." *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004) (citing TEX. R. APP. P. 33.1(a)). "A motion for mistrial is timely only if it is made as soon as the grounds for it become apparent." *Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007). In the present case, defense counsel did not make his motion for mistrial until well after the prosecutor had made the statement that was the subject of the motion for mistrial; the reporter's record contains approximately fifty pages between

the statement and the motion for mistrial. Thus, the motion for mistrial was not made as soon as the grounds for it became apparent, and it was therefore untimely.

Appellant also cites on appeal an answer made by a witness for the State concerning the lack of a confession. During the State's case-in-chief, the lead investigator testified that he "did meet with [Appellant], but [Appellant] refused to give [him] a statement." However, this answer followed the motion for mistrial. Defense counsel did not object to this testimony. Accordingly, Appellant did not preserve error with respect to this evidence. *See* TEX. R. APP. P. 33.1.

Moreover, the trial court did not abuse its discretion in denying the motion for mistrial. In a criminal prosecution, the State may not "comment on the failure of [the] accused to testify." *Bustamante v. State*, 48 S.W.3d 761, 764 (Tex. 2001). Doing so violates both the Fifth Amendment of the United States Constitution's and Article I, section 10 of the Texas Constitution's privileges against self-incrimination and the freedom from being compelled to testify. *Id.*; U.S. CONST. amend. V; TEX. CONST. art. I, § 10. Additionally, Article 38.08 of the Texas Code of Criminal Procedure also prohibits such comments. CRIM. PROC. art. 38.08.

> [T]he offending language must be viewed from the jury's standpoint and the implication that the comment referred to the defendant's failure to testify must be clear. It is not sufficient that the language might be construed as an implied or indirect allusion. The test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify. In applying this standard, the context in which the comment was made must be analyzed to determine whether the language used was of such character.

*Bustamante*, 48 S.W.3d at 765 (footnotes omitted).

There is no bright-line rule on the timing of when a statement is made that constitutes a prohibited comment on the defendant's right to remain silent. *Id.* at 766. However, the timing of the statement is a factor that a court may consider, and courts have often held that comments by the prosecutor during voir dire or before

the testimony closes have not violated the prohibition on commenting on the defendant's right not to testify. *Campos v. State*, 589 S.W.2d 424, 426–27 (Tex. Cim. App. [Panel Op.] 1979); *Myers v. State*, 527 S.W.2d 307, 308–09 (Tex. Crim. App. 1975); *Barba v. State*, 486 S.W.3d 715, 720–23 (Tex. App.—Texarkana 2016, no pet.). These cases have relied on the fact that it is difficult for the State to know at that point whether the defendant will testify. *See Barba*, 486 S.W.3d at 720–23.

Here, the context in which the prosecutor made the comment shows that the language used is not of the kind that the jury would necessarily and naturally take to be a comment on the defendant's future failure to testify. To this end, the facts of the present case closely resemble those of *Barba v. State*. In that case, the prosecutor was attempting to explain during voir dire the types of evidence that a jury might expect to receive in a sexual assault case, as was the situation in this appeal. *Id.* at 718–19. Given the context of the statement, the court held that the State did not refer to the defendant's right not to testify but, rather, identified confessions as one of several types of evidence that jurors might see in sexual assault cases. *Id.* The court concluded its analysis by holding that the prosecutor's statements about confessions were merely part of a broad discussion about the veniremembers' ability to follow the law. *Id.*

Here, the prosecutor began discussing types of evidence that may or may not be found in a sexual assault case, and during that discussion, she included confessions as a type of evidence that is generally not seen in sexual assault cases. The prosecutor immediately followed the statement about confessions with:

> So, while we would like to see all these things, we don't always have them.
>
> Is there anybody here who would require one of these things? Would say I [--] I'd have to have that or it's an automatic not guilty. Got to have it. Right?

> Can we all keep an open mind and look at all the evidence as it comes in together, knowing that we may not have some of these things or all of these things?

We note that the present case differs from *Barba* in one respect because the prosecutor expressly followed the comment about a confession with a statement that the perpetrator had the ability to control whether such evidence existed. However, the prosecutor did not offer a suggestion as to why a defendant might not want to give a confession. *See Godfrey v. State*, 859 S.W.2d 583, 585 (Tex. App.—Houston [14th Dist.] 1993, no pet.) (cited by *Barba*). Therefore, we hold that the statement was proper and did not violate Appellant's rights. We overrule Appellant's first issue.

In Appellant's second issue, he contends that the trial court erred in granting the State's challenge for cause of a veniremember. Appellant contends that no grounds existed to support the challenge. *See* CRIM. PROC. art. 35.16 (West 2006). During voir dire, the prosecutor asked the veniremembers if anyone had previously had a bad experience with the district attorney's (DA's) office. A veniremember raised her hand. When initially asked by the prosecutor if she could put aside that judgment and judge the case based solely on the facts, the veniremember replied: "I don't know."

During subsequent questioning at the bench, the veniremember stated that she had a previous experience with an assistant DA from Ector County in which she believed that the assistant DA treated her and her son's case indifferently. When asked if she could remain impartial given her previous encounter with the DA's office, the veniremember responded: "No, it wouldn't keep me from it. . . . I mean, I don't know. I mean, I had an incident in the past where the assistant DA -- I just didn't like the way he behaved, and if he walked in front of a bus today, I wouldn't shed a tear." In response to subsequent questions from both defense counsel and the prosecutor, the veniremember stated that her prior incident with the Ector County

6

assistant DA would not affect her ability to remain impartial and would not affect her ability to listen to the evidence and render a verdict on the evidence. At the end of questioning, the State moved to strike the veniremember for cause. The trial court granted the challenge on the basis of incurable bias by stating that it gave particular weight to the statement about the assistant DA walking in front of a bus.

A veniremember may be challenged for cause if he or she has a bias or prejudice in favor of or against a party to the case. *Id.* art. 35.16(a)(9). The proponent of a challenge for cause bears the initial burden of establishing that the challenge is proper. *Gardner v. State*, 306 S.W.3d 274, 295–96 (Tex. Crim. App. 2009). "The test is whether the bias or prejudice would substantially impair the prospective juror's ability to carry out his oath and instructions in accordance with the law." *Id.* at 295. A trial court's ruling on a challenge for cause may be reversed only for a clear abuse of discretion. *Id.* at 296. Because an appellate court is only given a cold record for review, the trial court is in the best position to observe the veniremember's demeanor and responses. *Chambers v. State*, 866 S.W.2d 9, 22 (Tex. Crim. App. 1993). A trial court's ruling on a challenge for cause is given considerable discretion, particularly when the veniremember's answers are ambiguous, vacillating, unclear, or contradictory. *Gardner*, 306 S.W.3d at 296.

Here, the veniremember initially stated that she did not know whether she could render a verdict solely upon the facts. She later responded that her previous negative experience would not affect her ability to render a fair verdict solely on the evidence. "When the feeling expressed by a prospective juror is one of bias or prejudice in favor of or against the defendant . . . , it is not ordinarily deemed possible for such a juror to be qualified by stating that he can lay aside such prejudice or bias." *Smith v. State*, 907 S.W.2d 522, 530 (Tex. Crim. App. 1995). It is well settled that an inability to be impartial to the State is a bias for the defendant. *See id.* at 529 (citing *Ransom v. State*, 630 S.W.2d 904, 908 (Tex. App.—Amarillo 1982, no pet.)).

Appellant asserts that the veniremember did not have a bias against the State because her negative experience was with an assistant DA who was not involved with the present case. Appellant also asserts that the negative experience occurred several years ago. However, the prosecutor was an assistant DA for Ector County, and the same county DA's office was involved in the current suit. Additionally, even though the veniremember stated that the event occurred a "long time ago," the veniremember's next words were, "but, I mean, you know, when it affects your children, it stays with you." Lastly, the trial court noted particular concern with the veniremember's statement that, "if [the unnamed prosecutor] walked in front of a bus today, I wouldn't shed a tear." Giving great deference to the trial court's ruling on challenges for cause, we conclude that the trial court could have reasonably determined that the veniremember's statements were equivocal and inconsistent and that the veniremember's feelings toward the unnamed prosecutor could have reasonably shown a bias against the State that could not be rehabilitated. Therefore, the trial court did not err in granting the challenge to strike the veniremember for cause. We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the judgments of the trial court.

November 19, 2020        JOHN M. BAILEY

Do not publish. *See* TEX. R. APP. P. 47.2(b).  CHIEF JUSTICE

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.